UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 16-20752-CIV-GAYLES

MSPA CLAIMS I, LLC, ET AL.,

        Plaintiffs,
vs.

CENTURY SURETY COMPANY,

        Defendant.
_____/

## ORDER DENYING IN PART AND GRANTING IN PART DEFENDANT'S MOTION TO DISMISS

THIS MATTER is before the Court on Defendant, Century Surety Company's Motion to Dismiss Amended Complaint [ECF No. 12]. Plaintiff, an assignee of a Medicare Advantage Organization, seeks to recover medical expenses the Medicare Advantage Organization paid on behalf of one of its enrollees from Defendant, a liability insurer that issued a commercial liability insurance policy with a Med-Pay clause. Plaintiff maintains that under the Medicare Secondary Payer Act (MSPA), Defendant is responsible for the payment of the medical expenses. Plaintiff's Amended Complaint [ECF No. 12] alleges five counts seeking reimbursement for the medical expenses under various theories of recovery. This matter is a putative class action and also seeks attorneys' fees pursuant to Florida Statutes, section 627.428. Defendant seeks to dismiss all counts based on Federal Rule of Civil Procedure 12(b)(6). Defendant also seeks to dismiss or strike the class action allegations and the requests for attorneys' fees. Because Plaintiff has adequately alleged its causes of action in Counts I through IV, the motion to dismiss is denied as to those counts. The motion is granted as to Count V with leave to replead. The Court also denies the motion to dismiss

the class allegations as premature. The motion to dismiss is granted as to Plaintiff's request for attorneys' fees pursuant to Florida Statutes, section 627.428.

**I.        The Amended Complaint**

Plaintiff, MSPA Claims I, LLC, is the assignee of Florida Healthcare Plus (FHCP). FHCP is a Medicare Advantage Organization (MAO) and a participant in the Medicare Program pursuant to a Medicare Advantage Plan. FHCP contracted with the Centers for Medicare & Medicaid Services (CMS) to provide Medicare benefits to eligible members enrolled in FHCP's Medicare Advantage health plan under part C of the Medicare Act. Defendant is an insurance company that issues commercial general liability insurance policies that contain Med-Pay benefits provisions. Med-Pay is no-fault insurance that pays medical expenses for injuries sustained on the insured property or premises. Under the MSPA, Defendant is considered the primary payer for any medical bills arising from an injury incurred by an individual on property insured by Defendant.

On April 20, 2013, an enrollee in FHCP's Medicare Advantage Plan (Enrollee) was injured in an accident that occurred on property insured by Defendant. At the time of the accident, Enrollee was a member of a Medicare Advantage Plan managed by FHCP. Under the Plan, FHCP's obligations are secondary to other available insurance plans. Enrollee received medical services, treatment, and supplies for the injuries incurred in the April 20, 2013, accident. Despite its status as secondary payer, FHCP was charged for Enrollee's medical services incurred as a result of the accident. After determining that the medical charges submitted were for medically necessary procedures and services, FHCP rendered payments for the treatment and services Enrollee received as a result of the accident. Pursuant to its contract with CMS, FHCP paid a total of $2,982.00.

Under the Med-Pay provision of Defendant's policy, Florida law, and the MSPA, Defendant was the primary payer for Enrollee's medical expenses arising from the April 2013 accident. Defendant was aware of its obligations, Enrollee's injuries, and the medical services and supplies provided to Enrollee but failed to pay for the medical services and supplies or to reimburse the secondary payer, FHCP.

A primary plan's failure to pay for medical expenses for which it is responsible, or its failure to reimburse CMS for any payments made on behalf of a beneficiary, vests CMS with a direct right of action against the primary plan. Plaintiff maintains that FHCP, and now Plaintiff as FHCP's assignee, has the same rights as CMS to pursue recovery from a primary plan. Plaintiff also maintains that it can recover payments from a primary plan based on theories of legal and equitable subrogation and as a third party beneficiary. Thus, Plaintiff brings five causes of action: (1) a private cause of action for double damages under 42 U.S.C. § 1395y(b)(3)(A); (2) breach of contract for failure to pay Med-Pay benefits; (3) breach of contract for failure to pay Med-Pay benefits based on conventional subrogation; (4) breach of contract for failure to pay Med-Pay benefits based on equitable subrogation; and (5) breach of contract for failure to pay Med-Pay benefits based on conventional subrogation arising from third-party beneficiary rights. Each count of the Amended Complaint seeks attorneys' fees pursuant to Florida Statutes, section 627.428. Additionally, Plaintiff alleges a putative class of similarly situated Medicare Advantage Organizations. Defendant's motion seeks to dismiss all counts, the class allegations, and the requests for attorneys' fees.

**II.     Motion To Dismiss Standard**

The purpose of a motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) is to test the facial sufficiency of a complaint. The rule permits dismissal of a complaint that fails to state a claim upon which relief can be granted. It should be read alongside Federal Rule of Civil Procedure 8(a)(2), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Although a complaint challenged by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff is still obligated to provide the "grounds" for his entitlement to relief, and a "formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

When a complaint is challenged under Rule 12(b)(6), a court will presume that all well-pleaded allegations are true and view the pleadings in the light most favorable to the plaintiff. *American United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1066 (11th Cir. 2007). However, once a court "identifies pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth," it must determine whether the well-pled facts "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint can only survive a 12(b)(6) motion to dismiss if it contains factual allegations that are "enough to raise a right to relief above the speculative level, on the assumption that all the [factual] allegations in the complaint are true." *Twombly*, 550 U.S. at 555. However, a well-pled complaint survives a motion to dismiss "even if it strikes a savvy judge that actual proof of these facts is improbable, and 'that a recovery is very remote and unlikely.'" *Twombly*, 550 U.S. at 556.

**III.   Discussion**

Defendant's motion seeks to dismiss every count of the Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).[1] Essentially, Defendant seeks to dismiss Counts I through IV on the basis that Plaintiff's theories of recovery are not supported by the law. After briefing was complete on the motion to dismiss, the Eleventh Circuit issued two opinions that resolve the issues raised in Defendant's motion in relation to Counts I through IV. As set out below, those decisions affirm the underlying theories of recovery that form the bases of Counts I through IV and, consequently, the motion to dismiss must be denied as to these counts. Count V, however, while based on a potentially viable theory of recovery, has not been adequately pled and, therefore, must be dismissed with leave to replead. Additionally, Plaintiff's claims for attorneys' fees are not supported by the law and must be dismissed. Finally, the Court denies the motion to dismiss the class allegations in order to have the issues more fully briefed at the class certification stage.

**A. The Motion to Dismiss Count I is Denied**

Defendant seeks to dismiss Count I of the Amended Complaint because Plaintiff has failed to satisfy a condition precedent to a claim for double damages under the MSPA, 42 U.S.C. §

---

[1] The motion also briefly raises the issue of standing and notes that Defendant intends to file a separate motion to dismiss, raising the standing issue, pursuant to Rule 12(b)(1). However, Defendant never filed such a motion and in its reply explicitly states that the instant motion did not raise standing and that subsequent filings by Plaintiff indicate that Plaintiff appears to have standing. Federal courts, however, "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 501 (2006). The Court finds that, based on recent Eleventh Circuit precedent and the rulings of other courts in this district, Plaintiff has standing. *See MSP Recovery, LLC v. Allstate Insurance Co.*, 835 F.3d 1351, 1358 (11th Cir. 2016) (addressing standing in seven consolidated cases with nearly identical facts as this matter and finding that "FHCP assigned to Plaintiffs. . . a claim created by statutue" and that therefore Plaintiffs had standing); *MSPA Claim I, LLC v. National Fire Insurance Co.*, Case No. 16-20531-CIV-Moreno.

1395y(b)(3)(A).  Specifically, Defendant maintains that Plaintiff has failed to demonstrate that Defendant is liable for Enrollee's medical costs.  Defendant relies on several district court cases from this district that hold that liability for medical costs can only be demonstrated by a separate adjudication or agreement.  However, after the briefing in this case, the Eleventh Circuit addressed this issue and held that "a contractual obligation may serve as sufficient demonstration of responsibility for payment to satisfy the condition precedent to suit under the MSP[A]."  *MSP Recovery, LLC v. Allstate Insurance Co.*, 835 F.3d 1351, 1361 (11th Cir. 2016).  Consequently, a plaintiff sufficiently pleads satisfaction of the condition precedent if a plaintiff has alleged that the defendant's valid insurance contract renders the defendant responsible for the primary payment of the plaintiff's medical expenses.  *Id.*

Plaintiff has pled that: Defendant issued a policy of insurance to the owner of the property where Enrollee was injured; Defendant's policy provided Med-Pay benefits; the Med-Pay benefits covered medical services and/or supplies that were provided to the Enrollee; Defendant's policy was in full force and effect at the time of Enrollee's accident; and the policy is the primary insurance coverage for Enrollee's medical expenses arising from the accident.  [ECF No. 11 at ¶¶12-13.]  Consequently, Plaintiff has sufficiently pled facts to satisfy the condition precedent.  Accordingly, Defendant's motion to dismiss Count I is denied.

**B.  The Motion to Dismiss Count II is Denied**

Defendant seeks to dismiss Count II of the Amended Complaint because 42 C.F.R. § 411.24(e) does not create a private cause of action and there is no private cause of action in the MSPA.  Subsequent to the filing of the Motion to Dismiss, the Eleventh Circuit decided *Humana*

*Medical Plan, Inc. v. Western Heritage Insurance Co.*, 832 F.3d 1229 (11th Cir. 2016). The *Humana* Court held that "an MAO may avail itself of the MSP[A] private cause of action when a primary plan fails to make primary payment or to reimburse the MAO's secondary payment." *Humana*, 832 F.3d at 1237. Thus, contrary to Defendant's assertions, an MAO, such as FHCP, does have a private cause of action under the MSPA. Consequently, Plaintiff, FHCP's assignee, does have a private cause of action under the MSPA and the motion to dismiss Count II is denied.

### C. The Motion to Dismiss Counts III and IV is Denied

Defendant moves to dismiss Counts III and IV, for "conventional subrogation" and "equitable subrogation," based on Plaintiff's failure to adequately allege that the contract between FHCP and Enrollee contains a subrogation clause. While Plaintiff has alleged a subrogation clause, Defendant maintains that it is not an effective one. Defendant's argument, however, is based on Defendant's contention that there is no private cause of action under the MSPA.

As Plaintiff pleads in the Amended Complaint, FHCP's plan includes a clause titled "Evidence of Coverage," which states:

> [w]e have the right and responsibility to collect for covered Medicare services for which Medicare is not the primary payer. According to CMS regulations at 42 CFR sections 422.108 and 423.462, [FHCP], as a Medicare Advantage Organization, will exercise the same rights of recovery that the Secretary exercises under CMS regulations in subparts B through D of part 411 of 42 CFR and the rules established in this section supersede any State laws.

[ECF No. 11 at ¶46.] Thus, the Amended Complaint alleges that the contract between FHCP and Enrollee contains a subrogation clause. Defendant argues that FHCP, and thus Plaintiff, does not have a right of subrogation under the CMS regulations, and, therefore, the subrogation clause in the "Evidence of Coverage" section of the plan is ineffective as a subrogation clause. However, as set

out above, Plaintiff does have rights under the MSPA and the regulations. *See Humana*, 832 F.3d at 1237. Thus, Plaintiff has adequately pled a right to conventional subrogation in Count III.

Plaintiff has also adequately alleged an equitable subrogation claim. Equitable subrogation does not require a contractual subrogation provision. In order to allege a claim for equitable subrogation, a plaintiff must allege: the subrogee (1) made the payment to protect its own interest, (2) did not act as a volunteer, (3) was not primarily liable for the debt, (4) paid off the entire debt, and (5) works no injustice to the rights of a third party by its equitable subrogation claim. *Columbia Bank v. Turbeville*, 143 So. 3d 964, 968 (Fla. 1st DCA 2014) (citing *Dade County School Board v. Radio Station WQBA*, 731 So. 2d 638, 646 (Fla. 1999). The Amended Complaint alleges all of these elements and Defendant does not argue otherwise. Consequently, the motion to dismiss Plaintiff's subrogation claims, Counts III and IV, is denied.

### D. The Motion to Dismiss Count V is Granted With Leave to Amend

Defendant seeks to dismiss Plaintiff's third-party beneficiary breach of contract claim arguing that Plaintiff is not a third party beneficiary of the contract between Defendant and its insured. To plead a cause of action for breach of contract as a third party beneficiary, a plaintiff must allege:

(1) a contract between A and B;

(2) an intent, either expressed by the parties, or in the provisions of the contract, that the contract primarily and directly benefit C, the third party (or a class of persons to which that party belongs);

(3) breach of that contract by either A or B (or both); and

(4) damages to C resulting from the breach.

*Caretta Trucking, Inc. v. Cheoy Lee Shipyards, Ltd.*, 647 So. 2d 1028, 1031 (Fla. 4th DCA 1994). Defendant maintains that Plaintiff has failed to allege facts sufficient to satisfy the second element

8

– that Plaintiff or FHCP is an intended third party beneficiary of the contract between Defendant and its insured.

Plaintiff responds that it is a third party beneficiary by way of a contractual assignment from Enrollee's medical providers to FHCP. According to Plaintiff's response to the motion, the medical providers are third party beneficiaries of Defendant's policy with its insured and, through a contractual provision, assigned that right to FHCP. The Amended Complaint, however, does not allege that the medical providers are third party beneficiaries of that contract; instead, it alleges that Enrollee is a third party beneficiary.

In order to sue Defendant for breach of its contract with its insured, Plaintiff must establish that it is a third party beneficiary of that contract. Here, while Plaintiff's response to the motion sets out the relevant language of the alleged assignment from the medical providers to FHCP, Plaintiff has not pled this theory in its Amended Complaint. Nor has it pled any facts that would show that the medical providers are intended third party beneficiaries of Defendant's policy with its insured. Furthermore, as noted above, the Amended Complaint actually alleges that Enrollee, not the medical providers, is an intended third party beneficiary of the contract between Defendant and its insured. The Amended Complaint, however, contains no facts to support this legal conclusion. Thus, Plaintiff has failed to allege a necessary element of its claim: that it is an intended third party beneficiary of the contract that was allegedly breached – the contract between Defendant and its insured. Consequently, the motion to dismiss is granted as to Count V with leave to amend.

### E. The Motion to Dismiss the Class Allegations Is Denied

Defendant maintains that, as a matter of law, Plaintiff's claims are not appropriate for class action treatment and, therefore, Plaintiff's class action allegations should be dismissed. Plaintiff responds that it is premature to address the class allegations at this stage of the proceedings and that it is more appropriate to deal with the class allegations at the class certification stage of the litigation. The Eleventh Circuit has explained:

> Rule 23(c) directs a district court, "[a]t an early practicable time after a person sues or is sued as a class representative, ... [to] determine by order whether to certify the action as a class action." Fed. R. Civ. P. 23(c)(1)(A). While it is sometimes possible to decide the propriety of class certification from the face of the complaint, *Mills v. Foremost Ins. Co.*, 511 F.3d 1300, 1309 (11th Cir. 2008), the Supreme Court has emphasized that class certification is an evidentiary issue, and "it may be necessary for the court to probe behind the pleadings before coming to rest on the certification question." *Comcast Corp. v. Behrend*, – U.S. – , 133 S. Ct. 1426, 1432, 185 L. Ed. 2d 515 (2013) (internal quotation marks omitted). In fact, "the determination usually should be predicated on more information than the complaint itself affords. The court may, and often does, permit discovery relating to the issues involved in maintainability, and a preliminary evidentiary hearing may be appropriate or essential...." *Huff v. N.D. Cass Co. of Ala.*, 485 F.2d 710, 713 (5th Cir. 1973) (en banc) (internal citation and footnote omitted). After all, "class determination generally involves considerations that are enmeshed in the factual and legal issues comprising the plaintiff's cause of action." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 131 S. Ct. 2541, 2552, 180 L. Ed. 2d 374 (2011) (internal quotation marks omitted).

*Herrera v. JFK Medical Center Ltd. Partnership*, 648 F. App'x 930, 934 (11th Cir. 2016) (footnote omitted). While Defendant argues that dismissal is appropriate at the pleadings stage, several of the cases it cites involved dismissal at the class certification stage which allowed the trial court to perform a "rigorous analysis" to ensure that the prerequisites of Federal Rule of Civil Procedure 23(a) had been satisfied. *DWFII Corp. v. State Farm Mutual Automobile Insurance Co.,* 271 F.R.D. 676, 681 (S.D. Fla. 2010), *aff'd*, 469 F. App'x 762 (11th Cir. 2012); *All Family Clinic of Daytona Beach, Inc. v. State Farm Mutual Automobile Insurance, Co.*, 280 F.R.D. 688, 690 (S.D. Fla. 2012).

Because the evidentiary record has not yet been developed, the Court cannot yet make a rigorous analysis.  Therefore, the motion to dismiss the class allegations is denied without prejudice.[2]

### F.  Plaintiff's Request for Attorneys' Fees

Defendant moves to dismiss Plaintiff's request for attorneys' fees pursuant to Florida Statutes, section 627.428, which are included in every count.  Defendant argues that Plaintiff does not have rights under section 627.428, which states, in relevant part:

> Upon the rendition of a judgment or decree by any of the courts of this state against an insurer and in favor of any named or omnibus insured or the named beneficiary under a policy or contract executed by the insurer, the trial court or, in the event of an appeal in which the insured or beneficiary prevails, the appellate court shall adjudge or decree against the insurer and in favor of the insured or beneficiary a reasonable sum as fees or compensation for the insured's or beneficiary's attorney prosecuting the suit in which the recovery is had.

Fla. Stat. § 627.428(1).  Under the language of the statute, only an insured or named beneficiary has rights.  Defendant maintains that Plaintiff is not an insured, a named beneficiary, or the assignee of an insured.  While the law is clear that an assignee of the insured may recover under section 627.428, the law is also clear that a subrogee of the insured may not recover fees under section 627.428, *Continental Casualty Co. v. Ryan Inc. Eastern*, 974 So. 2d 368, 375, 377 (Fla. 2008).  Plaintiff has not alleged that it is an assignee of the insured, Enrollee.  In fact, in its response to the motion, Plaintiff explicitly bases its claim on its subrogation rights, not on an assignment.  Thus, Plaintiff

---

[2]The Court does note, however, that Defendant's motion raised several potentially problematic areas for Plaintiff in establishing the propriety of class certification.  Notably, Plaintiff did not respond to any of these arguments in its response to the motion.  At the class certification stage, Plaintiff will need to address all of the substantive issues raised by Defendant in order to succeed on a motion for class certification.

is not entitled to fees under section 627.428.  Consequently, the motion to dismiss Plaintiff's claims for attorneys' fees under section 627.428 is granted.

Accordingly, it is

ORDERED that Defendant Century Surety Company's Motion to Dismiss Amended Complaint [DE 12] is DENIED in part and GRANTED in part:

1.  The Motion is DENIED as to Counts I through IV.

2.  The Motion is GRANTED as to Count V.  Count V is DISMISSED with leave to replead.

3.  The Motion is DENIED without prejudice as to the class allegations.

4.  The Motion is GRANTED as to Plaintiff's request for attorneys' fees pursuant to Florida Statutes, section 627.428.  Plaintiff's requests for attorneys' fees pursuant to Florida Statutes, section 627.428 are DISMISSED.

5.  Plaintiff may file a Second Amended Complaint, in accordance with this order, by **March 31, 2017.**

**DONE AND ORDERED** in Chambers at Miami, Florida, this 15th day of March, 2017.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE